FILED'09 JAN 12 14:40USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DEREK M. CHOUINARD, | ) | Civil No. 08-806-JO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| GRAPE EXPECTATIONS, INCORPORATED, | ) | |
| a California foreign business corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Scott N. Hunt
BUSSE & HUNT
621 S.W. Morrison Street, Suite 521
Portland, OR 97205

 Attorney for Plaintiff

Allyson S. Krueger
Danny L. Hitt
HITT HILLER & MONFILS, LLP
411 S.W. Second Avenue, Suite 400
Portland, OR 97204

 Attorneys for Defendant

JONES, Judge:

Plaintiff Derek Chouinard brings this action against his former employer, defendant Grape Expectations, Inc., asserting claims for (1) retaliatory discharge in violation of ORS 654.062, (2) common law wrongful discharge, and (3) discrimination in violation of ORS 659A.030(1)(f).[1]

This action is now before the court on defendant's motion to strike portions of plaintiff's first claim pursuant to Federal Rule of Civil Procedure 12(f) and to dismiss plaintiff's second claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (#4). For the reasons explained below, I grant defendant's motions to strike and deny defendant's motions to dismiss.

STATEMENT OF FACTS

Defendant employed plaintiff from January 2007 until discharging him on September 20, 2007. Complaint, ¶ 3. In his first claim, for retaliation under ORS 654.062(5), plaintiff alleges that before his discharge, he complained about "what he believed in good faith were Defendant's health and safety violations," and informed defendant that he would contact Oregon-OSHA about the violations. Complaint, ¶ 4. Plaintiff alleges that his conduct in opposing defendant's practices and complaining about them was a substantial factor in defendant's decision to discharge him. Complaint, ¶ 5.

In his second claim, for common law wrongful discharge, plaintiff alleges that before his discharge, he complained about not getting statutorily mandated rest periods and was harassed for taking rest periods. Complaint, ¶ 10. Plaintiff further alleges that he informed defendant that

---

[1]  Plaintiff voluntarily dismissed his third claim.

2 - OPINION AND ORDER

he would contact the Oregon Bureau of Labor and Industries ("BOLI") about defendant's conduct, and that his actions with respect to rest breaks were a substantial factor in defendant's decision to discharge him.  Complaint, ¶¶ 10, 12.

DEFENDANT'S MOTIONS

I.    <u>Motions to Strike 1-A and 1-B</u>

In his first claim, for retaliation under ORS 654.062, plaintiff seeks $300,000 in compensatory damages for emotional distress, as well as an award of attorney fees.  Defendant moves to strike both remedies, arguing that ORS 654.062 does not provide for compensatory damages or attorney fees.

A.    <u>Standard of Review</u>

Pursuant to Rule 12(f), a court may strike from a pleading "any redundant, immaterial, impertinent, or  scandalous matter."  Fed. R. Civ. P. 12(f).  "A motion to strike may be used to strike the prayer for relief where the relief sought is unavailable as a matter of law."  <u>Dark v. MacDonald</u>, 2005 WL 551967 at *2 (D. Or. 2005) (citing <u>Tapley v. Lockwood Green Engr's, Inc.</u>, 502 F.2d 559, 560 (8th Cir. 1974)).

B.    <u>Motion 1-A:  Attorney Fees</u>

The statutory remedy for violation of ORS 654.062 is "all appropriate relief including rehiring or reinstatement to the employee's former position with back pay."  ORS 654.062(6)(d).  The statute does not mention attorney fees, but plaintiff contends that ORS 654.062 read in conjunction with ORS 659A.885[2] permits an award.  ORS 659A.885 does not, however, apply, because although ORS 659A.885 "cross-reference[s] myriad statutes, including the

───────────

[2]        <u>Formerly</u> ORS 659.121 (1999).

3 - OPINION AND ORDER

'whistle-blowing' provisions of ORS 659.550 (1999), [it does] not refer to ORS 654.062."
Mantia v. Hanson, 190 Or. App. 36, 41, 77 P.3d 1143 (2003) (footnotes omitted).

Consequently, because the legislature did not provide for a prevailing party fee award for violations of ORS 654.062, defendant's motion 1-A to strike the claim for attorney fees is granted.

      C.      Motion 1-B:  Compensatory Damages

Plaintiff also seeks $300,000 in compensatory damages for emotional distress, again relying on both ORS 654.062 and 659A.885.  Defendant moves to strike plaintiff's claim for compensatory damages, contending that the statute does not provide for the recovery of non-economic damages.

As discussed above, the remedies afforded by ORS 654.062 are "all appropriate relief including rehiring or reinstatement to the employee's former position with back pay." ORS 654.062(6)(d).  No Oregon state appellate court has addressed whether "all appropriate relief" includes compensatory damages; however, the reasoning of Mantia, supra, concerning attorney fees compels the same conclusion with respect to compensatory damages.  The remedies set forth in ORS 659A.885 do not apply to actions under ORS 654.062.  Consequently, defendant's motion 1-B, to strike the claim for compensatory damages under ORS 654.062 is granted.

4 - OPINION AND ORDER

II.     Motions to Dismiss 2-A and 2-B

Defendant moves to dismiss plaintiff's claim for common law wrongful discharge, arguing that plaintiff has adequate statutory remedies under ORS 654.062 and 29 U.S.C. § 660.[3] Defendant also argues that to the extent plaintiff's wrongful discharge claim is based on an alleged right to rest breaks, that portion of the claim fails because it does not involve an important public interest.

A.     Standard of Review

A claim may be dismissed pursuant to Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When considering dismissal under Rule 12(b)(6), the court must take all the factual allegations and inferences in the complaint as true, even if they seem improbable.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  Under Bell Atlantic, the moving party need not show that the non-moving party can prove "no set of facts" in support of the claim, however, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint.  Id. at 1969.

B.     Motion 2-A:  Adequacy of Statutory Remedy

Having successfully argued that plaintiff may not recover compensatory damages in connection with his statutory claim, defendant now contends that plaintiff's wrongful discharge claim fails because he has an adequate statutory remedy.

---

[3]     Defendant refers to 29 U.S.C. § 660 but makes no particular argument concerning its applicability.  The reference appears to be drawn from case law, including the Oregon Supreme Court decision in Walsh v. Consolidated Freightways, Inc., 278 Or. 347, 351-52, 563 P.2d 1205 (1977), not from plaintiff's complaint.

In Oregon, the tort of wrongful discharge is viewed as "interstitial" in nature, meant to provide a remedy when an employer's conduct is unacceptable but no other adequate remedy is available. Cantley v. DSMF, Inc., 422 F.Supp.2d 1214, 1220 (D. Or. 2006)(quoting Draper v. Astoria School Dist. No. 1C, 995 F. Supp. 1122, 1127 (D. Or. 1998),[4] which in turn cites Walsh v. Consolidated Freightways, Inc., 278 Or. 347, 352-3, 563 P.2d 1205 (1977)). Judges of this court have described the issue of when a terminated employee can bring a wrongful discharge claim as "a gnarly one." Cantley, supra, 422 F.Supp.2d at 1220 (citation omitted).

In Draper, the court employed the following analysis for determining when a claim of wrongful discharge is not available in Oregon:  "(1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally abrogated the common law remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate)." Draper, 995 F.Supp. at 1130-31; Cantley, 422 F.Supp.2d at 1222.

The reasoning of Draper and Cantley has been routinely followed by judges in this district to find a non-exclusive statutory remedy to be inadequate where the statute in issue does not provide all of the damages a plaintiff may seek through the tort of wrongful discharge; in particular, compensatory damages. See, e.g., Cantley, 422 F.Supp.2d at 1223; Henry v. Portland Development Com'n, 2006 WL 4008709 at *5 (D. Or. 2006); Walters v. Roll'n Oilfield Industries, Ltd., 2008 WL 450382 at *4-5 (D. Or. 2008).  This is consistent with the position the Oregon Supreme Court articulated in Holien v. Sears, Roebuck and Co., 298 Or. 76, 689 P.2d 1291 (1984):

---

[4]    Draper was reversed in part on other grounds in Rabkin v. Oregon Health Sci. Univ., 350 F.3d 967 (9th Cir. 2003).

6 - OPINION AND ORDER

> As to the issue of adequacy of state and federal remedies, ORS 659.121 . . . fail[s] to capture the personal nature of the injury done to a wrongfully discharged employe as an individual and the remedies provided by the statutes fail to appreciate the relevant dimensions of the problem. Reinstatement, back pay, and injunctions vindicate the rights of the victimized group without compensating the plaintiff for such personal injuries as anguish, physical symptoms of stress, a sense of degradation, and the cost of psychiatric care. Legal as well as equitable remedies are needed to make the plaintiff whole.

Holien, 298 Or. at 97.

In this case, plaintiff has alleged that he suffered emotional distress; whether he can prove it is not relevant to the present motion. Defendant has offered no persuasive reason why I should depart from the reasoning of the decisions discussed above. Accordingly, defendant's motion 2-A, to dismiss plaintiff's wrongful discharge claim for failure to state a claim, is denied.

C.     Motion 2-B: Rest Breaks as an Important Public Interest

Plaintiff claims that he was wrongfully discharged for complaining about not receiving statutorily mandated rest periods. Defendant moves to dismiss this portion of plaintiff's wrongful discharge claim for failure to state a claim, arguing that rest breaks do not involve an important public interest. Whether plaintiff may pursue a wrongful discharge claim for violation of a statutory right depends on whether plaintiff can allege and prove that he was "discharged while pursuing a right related to his role as an employe and the right is one of important public interest indicated by constitutional and statutory provisions and caselaw." Holien 298 Or. 76, 86, 689 P.2d 1292 (1984)(quoting Delaney v. Taco Time Int'l, 297 Or 10, 16, 681 P.2d 114 (1984)).

ORS 653.015 declares it "to be the policy of the state of Oregon to establish minimum wage standards for workers at levels consistent with their health, efficiency, and general well-being." ORS 653.261 provides the statutory authority for BOLI to pursue that policy by

"adopt[ing] rules prescribing such minimum conditions of employment . . . as may be necessary for the preservation of the health of employees [including] minimum meal periods and rest periods. . ." Pursuant to that authority, BOLI promulgated OAR 839-020-0050, which states in relevant part: "Except as otherwise provided, every employer shall provide to each employee an appropriate meal period and an appropriate rest period." OAR 839-020-0050(1).

In Garfur v. Good Samaritan, the Oregon Supreme Court found that ORS 653.261, along with OAR 839-020-0050, "indicate that the rest break is intended to benefit the employee's physical and mental well-being." 344 Or. 525, 536, 185 P.3d 446 (2008).[5] Thus, the relevant statutory and regulatory provisions, coupled with the Oregon Supreme Court's interpretation, strongly suggest that rest breaks relate to the health and well-being of workers and that maintaining workers' health and well-being is an important public interest.

In view of the above, in the context of this motion to dismiss, I find that plaintiff sufficiently states a claim concerning rest breaks and is entitled to pursue it. Consequently, defendant motion to dismiss 2-B is denied.

---

[5]     The Garfur Court held, however, that violation of the rest period requirement does not give rise to a wage claim for additional wages based on missed rest periods. Garfur v. Good Samaritan, 344 Or. 525, 538, 185 P.3d 446 (2008).

8 - OPINION AND ORDER

CONCLUSION

Defendant's Motions (# 4) 1-A and 1-B to Strike are GRANTED and defendant's Motions

2-A and 2-B to Dismiss is DENIED.

DATED this ___12__ day of January, 2009.

ROBERT E. JONES
U.S. District Judge

9 - OPINION AND ORDER